## SUPREME COURT.

### Sarah T. Whitney agt. William Whitney.

A motion for *alimony*, in an action for divorce by the wife, may be made upon affidavits, and before a copy of the complaint has been served. But in such case the affidavits must allege in substance, all the facts necessary to make a good complaint in the action.

Where it does not appear that the laws of another state authorize the courts therein to grant a divorce to an innocent defendant—the wife, upon proof of adultery of the plaintiff—the husband, the pendency of such action, is no obstacle to granting the plaintiff—the wife, *alimony* in an action for divorce brought by her in this state against her husband.

*Broome Special Term, November* 12, 1861.
*Present*, Ransom Balcom, *Justice.*

THIS action was commenced by the personal service of a summons upon the defendant, on the 13th day of September, 1861. The defendant appeared by attorney, and demanded a copy of the complaint; but none had been served, and the time for serving it had been extended. The plaintiff made a motion for alimony, &c., upon affidavits. The plaintiff's affidavit showed that she was the wife of the defendant, and was married to him in this state in 1849, and had seven children, three of whom were living. That this action was commenced by her " for a divorce from the bonds of matrimony, on account of the adultery of the defendant with divers persons." There was no other allegation in the affidavits to show the plaintiff had a cause of action for a divorce.

The affidavits showed that the defendant commenced an action for a divorce against the plaintiff, in the court of common pleas of Warren county, Pennsylvania, in January, 1860, for adultery, alleged to have been committed by the plaintiff in that month, in the said county of Warren; which said action the plaintiff was defending, and had been allowed therein $500 for expenses and support—all of which she had expended.

The plaintiff stated in her affidavit that she was not guilty of the adultery charged upon her in that action; but the defendant and two other men made affidavits that they caught her in bed with one Luce, in Warren county, Pennsylvania, on the 23d day of January, 1861.

Objections were made to the granting of alimony to the plaintiff in this action, which are sufficiently noticed in the following opinion of the court.

> GEORGE A. NORTHRUP, *for plaintiff.*
> GILES W. HOTCHKISS, *for defendant.*

BALCOM, Justice. It is provided by statute, that in every suit brought, either for a divorce or for a separation, the

court may, in its discretion, require the husband to pay any sums necessary to enable the wife to carry on the suit, during its pendency. (3 *R. S.*, 5th *ed.*, *p.* 239, § 72 ; 2 *Barb. Ch. Pr.*, 265.) The discretion conferred by this statute, enables the court to require the wife, when plaintiff, to show that the action is brought in good faith, before compelling the husband to pay her money to enable her to prosecute the action. The court should do this to protect the husband against vexatious suits. The *ad interim* alimony and money to sustain the expenses are given, not as of strict right in the wife, but of sound judicial discretion in the court. (*Bishop on Marriage and Divorce*, 3d *ed.*, § 581.) I think, when the wife is plaintiff, the papers on which her motion for alimony and money to enable her to carry on the suit, is founded, should *allege* facts sufficient, if proved, to entitle her to a divorce according to the statutes on the subject. (*See* 3 *R. S.*, 5th *ed.*, *p.* 235, § 51.) If the motion be made after the complaint is served, and that is sufficiently defective to be bad on demurrer, it will be denied. (*Bishop on Marriage and Divorce*, 3d *ed.*, § 581.) I am not prepared to hold, upon the authority of *Reese* agt. *Reese*, (2 *Code Rep,*, 81,) that the motion cannot be made until after a copy of the complaint has been served, (*see Longfellow* agt. *Longfellow*, 1 *Clarke's Ch. R.*, 345 ;) nor that it must be made upon petition according to the old chancery practice, (*see* 2 *Barb. Ch. Pr.*, 268.) I think the motion may be made upon affidavits, and before a copy of the complaint has been served. But in such case the affidavits must allege, in substance, all the facts necessary to make a good complaint in the action. Such allegations are not contained in the affidavits on which the motion in this action is founded. The affidavits are defective, because they do not show when or where the plaintiff alleges the defendant has committed adultery, and also in other respects, as will be seen by looking at the statutes on the subject of the residence of parties in actions for divorce. And in conse-

quence of such defects in the affidavits, I cannot now make an order requiring the defendant to pay the plaintiff any alimony or money to enable her to carry on this suit. But as the motion will be renewed at a future time, it is proper I should say, the papers before me do not show that the laws of Pennsylvania do authorize the courts of that state to grant a divorce to an innocent defendant upon proof of the adultery of the plaintiff. Hence the pendency of the action brought in that state by the defendant against the plaintiff for a divorce, is no obstacle to granting the plaintiff alimony in this action, or to requiring the defendant to pay the plaintiff money to enable her to prosecute this action.

The plaintiff may renew her motion in this action at the adjourned special term to be held at the court-house, in Binghamton, on the 27th instant, or at any subsequent term in the district, upon the affidavits already presented, and such others as she can make or procure and serve, or upon those already presented, and the complaint duly verified, if served in due time.